```
                   UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE
```

Emmanouella Vendouri,
     Plaintiff

     v.                                Civil No. 10-cv-277-SM
                                       Opinion No. 2010 DNH 187
James F. Gaylord, Randal Zito,
Linda Evans, Winnacunnet
Cooperative School District,
and Nick Birmbas,
     Defendants

## **O R D E R**

Plaintiff's motion to amend judgment (document no. 16) is granted, in part.

Plaintiff points out that in connection with earlier divorce proceedings, her former husband, Defendant Nick Birmbas, was awarded "primary residential responsibility" for their son, Y.B. In its order dated August 27, 2010 (document no. 14), this court correctly referred to that custodial authority as "primary residential responsibility" (id. at 3), but also (and plaintiff says incorrectly) as "sole physical custody" (id. at 8). Although it is not clear from the pleadings whether a meaningful difference exists in other contexts (perhaps the former phrase suggests plaintiff's right to contingent or partial physical custody of Y.B., while the latter phrase does not), there is no

meaningful difference in the context of resolving defendants' motion to dismiss this case.

The parties have not fully briefed the matter, and a cursory review of the pertinent state statute does not provide much assistance in understanding what "primary residential responsibility" entails in the context of a post-divorce custody order.  The statute, N.H. Rev. Stat. Ann. ("RSA") ch. 458:17, IV, does not use the phrase "primary residential responsibility", but, rather, anticipates that "physical custody" of a minor child will be awarded to one parent, while the non-custodial parent will be awarded "physical custodial rights" during times that previously were referred to as "visitation."  But, the non-custodial parent "shall not be deemed to have a right of <u>primary physical custody</u> under RSA 633:4 [declaring interference with custody to be a crime]" (emphasis supplied).

The phrase "primary residential responsibility" apparently was used in an earlier "Parenting Plan," to which plaintiff agreed, and the state divorce court seems to have construed the phrase as used in that plan:  "The term means only what it implies — that the boys live primarily with their father."  (Document no. 7-3, Order dated October 10, 2008, <u>In the Matter of Vendouri and Birmbas</u>, No. 2004-M-285, County of Rockingham,

Portsmouth Family Division.)  So, the phrase does not seem related to which parent has been awarded "physical custody" of the parties' minor son.  But, then, plaintiff refers to herself as the "noncustodial parent."  (<u>See</u> document no. 12-1, Memorandum of Law in Support of Objection to School Defendants' Motion to Dismiss Complaint, at 1.)

Resolution of this case does not turn, however, on discrete differences in custodial terminology.  At bottom, child-custody arrangements are matters within the jurisdiction of the state courts, and challenges to custody orders must be pursued in state court and follow the prescribed appellate routes.  In this case, the state court entered an original custody order that seems (upon close reading of the October 10, 2008, modification order) to have provided for some form of shared parental responsibility with respect to the parties' minor children.

The state court also provided, more recently, in January of this year, that:

> [W]ithin 5 days, [Vendouri and Birmbas] shall both contact [Y.B.'s] high school to direct that the school call father and mother in the event of an emergency or, <u>if the school will call only one</u>, that the father list mother and mother list father as the first contact in the event either cannot be reached."

(Defs.' Mot. to Dismiss, Ex. A, at 2 (emphasis supplied).)  That is, the court having jurisdiction over custody issues contemplated (and implicitly accepted) that the school may call only one parent, and it prescribed an alternative in that event — permitting one parent to be notified and the other to be listed as the next to be contacted if the first could not be reached. To the extent plaintiff, in this suit, claims a federal right superior to the custody rights awarded by the state court, she is mistaken.  If she seeks to vindicate a right to primary or mandatory notification when the parties' minor child is dismissed from school, that relief must be obtained, if at all, from the state court with jurisdiction over the custody of her minor children.

That having been said, however, the terms used in this court's order ought to be consistent, if only to avoid unnecessary and unwarranted confusion.  Accordingly, the court will vacate the judgment entered on August 30, 2010, and modify its written decision dismissing plaintiff's claims, dated August 27, 2010, by substituting the phrase "primary residential responsibility" for "sole physical custody" on page 8.  (In addition, the court notes that the first sentence of the paragraph under "Discussion" on page 5 should read, "The school

4

defendants move to dismiss the complaint." That correction will also be made.)

The corrected decision will be substituted for the currently docketed decision, and a new judgment entered on the corrected decision.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

October 26, 2010

cc: Laurie A. Lacoste, Esq.
　　 Robert A. Shaines, Esq.
　　 Charles P. Bauer, Esq.
　　 Melissa A. Hewey, Esq.
　　 Jonathan S. Springer, Esq.